# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUSTIN A. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17 C 06324 |
| ) | |
| SHERIFF OF COOK COUNTY; COOK ) | Judge John J. Tharp, Jr. |
| COUNTY, ILLINOIS; ) | |
| CORRECTIONAL OFFICER MINEO; ) | |
| AND DR. MARGHOOB KHAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Justin Bell alleges that Cook County and the Cook County Sheriff negligently maintained the Cook County Jail by allowing thick smoke to enter Bell's housing unit at the Jail. Bell further alleges that Correctional Officer Mineo and Dr. Marghoob Khan were deliberately indifferent to Bell's medical needs when he suffered a pulmonary embolism shortly after the smoke entered his housing unit. The Sheriff and Officer Mineo moved to dismiss Bell's Complaint, arguing that any negligence claim is time-barred and that Bell received adequate treatment. Cook County also moved to dismiss, arguing that it is not a proper defendant because the Sheriff, who does not report to the County, is responsible for maintaining the Jail. As to the Sheriff and Cook County, Bell has stated a plausible claim that they breached their shared duty to maintain safe premises at the Jail by allowing the thick smoke to enter Bell's housing unit, which is timely under the Illinois Savings Statute. As to Officer Mineo and Dr. Khan, Bell has stated a plausible claim that their responses to Bell's complaints of suffering from the symptoms of a pulmonary embolism

were objectively unreasonable. Cook County and the Sheriff are also necessary parties in this case due to their statutory indemnification obligations. The motions to dismiss are therefore denied.

## BACKGROUND[1]

Plaintiff Justin Bell entered the Cook County Jail ("Jail") in April of 2016 as a 69 year-old who was suffering from a variety of serious medical problems. Shortly before 1:00 a.m. on May 23, 2016, thick smoke entered Bell's housing unit. Bell complained to a correctional officer at the Jail, Officer Mineo, about a breathing problem Bell developed shortly after the smoke entered his housing unit, but Officer Mineo ignored Bell's complaints. Bell continued to have difficulty breathing and, at about 4:00 a.m., complained to a nurse, who reported Bell's symptoms to Dr. Marghoob Khan. Dr. Khan allegedly should have recognized Bell's symptoms as consistent with a pulmonary embolism, but instead of ensuring that Bell received proper medical treatment, Dr. Khan instructed the nurse to give Bell pain medication. The pain medication did not alleviate Bell's pain or reduce his anxiety. Another physician examined Bell at about 1:30 p.m. and directed that Bell be evacuated to a hospital, where he received treatment for a pulmonary embolism.

Bell filed a pro se complaint on August 10, 2016 (the "Original Complaint"), alleging that he had been injured by the smoke that entered his housing unit at the Jail, naming Cook County, Sheriff Thomas Dart, Dr. DeFuniak, Paramedic John Doe, Nurse Jane Doe, and Officer Mineo as defendants. Mem. in Opp'n to Mots. to Dismiss ("Mem."), Ex. 1, ECF No. 38-1, *Bell v. Cook County, et al.*, No. 16-cv-8030 (N.D. Ill. Aug. 10, 2016), Compl. at 1, 7–9. The Original Complaint alleged that Bell informed Officer Mineo that he could not breathe after the smoke entered his housing unit, but that Bell was not taken to the hospital until the next day or so. *Id.* at 7. The

---

[1] As this is a motion to dismiss, the Court accepts all well-pleaded facts as true and construes all inferences in favor of the plaintiff. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634 (7th Cir. 2012).

Original Complaint was dismissed for want of prosecution on October 13, 2016, Mem., Ex. 2, ECF No. 38-2, *Bell*, Memorandum Order, and the order of dismissal was later amended to reflect that the case was dismissed without prejudice, Mem., Ex. 3, ECF No. 38-3, *Bell*, Notification of Docket Entry.

On August 31, 2017, Bell (now represented by counsel) filed the Complaint in this case, naming as defendants Cook County, the Cook County Sheriff in his official capacity, and Officer Mineo and Dr. Khan in their individual capacities. Officer Mineo was at all relevant times employed by the Sheriff, and Dr. Khan was at all relevant times employed by Cook County. The Complaint alleges that Cook County and the Sheriff breached their shared duty to maintain a reasonably safe environment at the Jail by allowing the smoke to enter Bell's housing unit. Cook County is also joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003), which held that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer ([e.g., a] sheriff . . .) in an official capacity." The Complaint further alleges that Dr. Khan and Officer Mineo, acting under color of law, deprived Bell of his rights secured by the Fourth[2] and Fourteenth Amendments to the United States Constitution by disregarding Bell's serious medical needs.[3]

---

[2] As discussed further below, it seems clear that Bell's claim regarding inadequate medical treatment arises under the Fourteenth Amendment rather than the Fourth Amendment. *See infra* note 11.

[3] Bell does not assert that Cook County or the Sheriff is liable under 42 U.S.C. § 1983 or any other federal law. Mem., ECF No. 38, at 4.

## DISCUSSION

**I. Pleading Standard**

Officer Mineo, the Sheriff, and Cook County have moved to dismiss Bell's Complaint.[4] To survive a motion to dismiss, a complaint must contain allegations that, if taken as true, plausibly suggest that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The plaintiff must show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" generally does not suffice. *Id.* All reasonable inferences must be drawn in favor of the plaintiff. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

**II. Negligence Claim Against Sheriff & Cook County**

Bell's Complaint states a plausible, timely claim against Cook County and the Sheriff based on a negligence theory. To establish negligence under Illinois law,[5] a plaintiff must show that the defendant owed the plaintiff a duty of care, the defendant breached the duty, and the breach proximately caused the plaintiff's injuries. *Smith v. United States*, 860 F.3d 995, 998 (7th Cir. 2017). The custodian of a pretrial detainee has a duty to provide the detainee with a reasonably safe environment and to maintain the premises in a reasonably safe condition. *Id.* Bell alleges that Cook County shared this duty with the Sheriff. Illinois law provides that "[i]t shall be the duty of the county board of each county . . . [t]o erect . . . and keep in repair . . . [a] jail," 55 ILCS 5/5–1106, and Cook County has previously acknowledged at least partial responsibility for maintenance of the Jail through its Department of Facilities Management, *United States v. Cook*

---

[4] Dr. Khan answered the Complaint, ECF No. 20, and has not moved to dismiss.

[5] The parties do not suggest that the law of any other jurisdiction applies.

4

*County, et al.*, No. 1:10-cv-02946 (N.D. Ill. May 13, 2010), ECF No. 3-1, Agreed Order, ¶ 5 ("Maintenance responsibilities for the [Cook County Jail]'s physical plant are handled by the Cook County Department of Facilities Management.").

Questions remain regarding the precise contours of the Sheriff's and the County's respective duties with respect to maintaining safe premises—including safe air—at the Jail and how exactly an employee or employees of the Sheriff or Cook County breached that duty. Questions also remain regarding the cause, nature, and characteristics of the smoke and whether any reasonable precautions could have been taken to protect detainees like Bell from such smoke. But Bell has met his burden in alleging that Cook County shared the burden to maintain safe premises with the Sheriff and stated a plausible claim that the duty was breached by allowing the thick smoke to enter Bell's housing unit. Additional specificity regarding the circumstances surrounding the alleged tort may not be possible before discovery has begun, and for claims brought under a theory of *res ipsa loquitur*, additional specificity regarding some aspects of the alleged breach may not ultimately be required to establish liability. *See Smith*, 860 F.3d at 998 ("[I]f the plaintiff can show that he was injured (1) in circumstances that ordinarily would not occur absent negligence, (2) by an agency or instrumentality within the defendant's management or control, then res ipsa loquitur permits the factfinder to infer that the defendant was negligent."). The Defendants have not questioned the causal connection between the smoke that entered Bell's housing unit and the symptoms he claims to have suffered as a result, and given that Bell's symptoms immediately followed the onset of thick smoke in the unit, there is a plausible basis to infer causation. Bell's Complaint therefore sufficiently alleges that Cook County and the Sheriff

breached their shared duty to maintain safe air at the Jail when their employees allowed smoke to enter his housing unit, which caused Bell to suffer from pain and medical problems.[6]

Bell's negligence claim would ordinarily be time-barred under the one-year limitations period that applies to tort actions in Illinois. 745 ILCS 10/8–101(a). But the Illinois Savings Statute permits a plaintiff to "commence a new action within one year . . . after . . . the action is dismissed for want of prosecution." 735 ILCS 5/13–217.[7] A complaint is considered "refiled" under the Savings Statute if both complaints contain the same cause of action as defined by *res judicata* principles. *Evans ex rel. Evans v. Lederle Laboratories*, 167 F.3d 1106, 1113 (7th Cir. 1999); *Bonds v. City of Chicago*, No. 16 C 5112, 2017 WL 698680, at *6 (N.D. Ill. Feb. 22, 2017); *D'Last Corp. v. Ugent*, 681 N.E.2d 12, 16 (Ill. App. Ct. 1997). That is, the Savings Statute's one-year grace period may operate to "save" the second complaint from the limitations period that would otherwise apply if "the parties are the same and both theories of relief arise out of a single core of operative facts." *Schrager v. Grossman*, 752 N.E.2d 1, 7 (Ill. App. Ct. 2000).[8]

---

[6] Indeed, Defendants Sheriff and Officer Mineo concede that the Complaint states a claim for negligence. Defs.' Mot. to Dismiss, ECF No. 34, at 4 ("[T]he allegations in his Complaint . . . state a claim for the tort of negligence.").

[7] The version of 735 ILCS 5/13–217 that preceded the 1995 Public Act 89–7 amendments that the Illinois Supreme Court found unconstitutional is the version currently in effect. *Hudson v. City of Chicago*, 889 N.E.2d 210, 214 n.1 (2008).

[8] The Defendants' argument that the "Illinois savings statute is to be applied and interpreted narrowly," citing *Mares v. Busby*, 34 F.3d 533, 536 (7th Cir. 1994), is unavailing in this context. Defs.' Reply in Supp. of Mot. to Dismiss, ECF No. 39, ¶ 10. In *Mares*, the Seventh Circuit stated that the four situations to which the Illinois savings statute applies—one of which is where "the action is dismissed for want of prosecution"—are to be interpreted narrowly. *Id.* Here, there is no question that the action was dismissed for want of prosecution. Mem., Ex. 2, ECF No. 38-2, *Bell*, Memorandum Order ("Bell's Complaint and this action are dismissed for want of prosecution.").

Here, Bell had one year to refile from October 13, 2016 when his Original Complaint[9] was dismissed for want of prosecution, Mem., Ex. 2, ECF No. 38-2, *Bell*, Memorandum Order, which he did when he filed the instant Complaint on August 31, 2017, Compl., ECF No. 1. Both complaints contain the same basic group of operative facts involving the entrance of smoke into Bell's housing unit and the harm the smoke allegedly inflicted on Bell. The Original Complaint alleges: "One night while housed in Cermak Hospital – 3-West Room 3213 I was awakened by the smell of thick smoke. I informed Officer 'Mineo' while I banged on the door, that I could not breathe. . . . Plaintiff suffered sufficiently [sic] injury as a result of being kept locked in a smoke filled hospital room of which plaintiff made Officer Mineo aware of [sic]." Mem., Ex. 1, ECF No. 38-1, *Bell*, Compl., at 7–9. Similarly, the Complaint in this case alleges that Bell was assigned to Room 3W, 3213; a thick smoke entered his housing unit in the middle of the night; Officer Mineo ignored his complaints; and Bell suffered pain, anxiety, and breathing problems as a result. Compl., ECF No. 1, ¶¶ 9–18. The complaints thus contain the same operative facts and state the same cause of action for *res judicata* purposes regardless of the legal theory under which those facts were alleged to give rise to a right to relief,[10] especially when the Original Complaint is viewed in light of the more liberal pleading standards that apply for reviewing pro se complaints. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal quotations omitted). The Sheriff and Cook County were also both named as defendants in the

---

[9] The events giving rise to the cause of action having occurred on May 23, 2016, and the Original Complaint having been filed on August 10, 2016, there is no dispute that the Original Complaint was timely filed.

[10] The Court makes this determination based on the relationship between the two complaints, not, as the Defendants seem to encourage, based on any legal theory present in or absent from Bell's motion for the original court to modify its dismissal order to specify that the Original Complaint was dismissed without prejudice. *See* Defs.' Reply in Supp. of Mot. to Dismiss, ECF No. 39, ¶¶ 5–7.

7

Original Complaint. Mem., Ex. 1, ECF No. 38-1, *Bell*, Compl. at 1. The Savings Statute therefore saves Bell's negligence claim against the Sheriff and Cook County from being barred by the one-year limitations period that would otherwise apply.

## III. Section 1983 Claim Against Officer Mineo & Dr. Khan

Bell has also sufficiently stated a claim that Officer Mineo's and Dr. Khan's actions and failures to act following Bell's complaints of a serious breathing problem were objectively unreasonable. Under 42 U.S.C. § 1983, a plaintiff may recover damages caused by a violation of constitutional or other federal law of a person acting under color of state law. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). Bell asserts that Mineo and Khan each were deliberately indifferent to his serious breathing problems. For a pretrial detainee to prevail on a § 1983 claim based on inadequate medical care in violation of his Fourteenth Amendment due process rights, the plaintiff must demonstrate that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly" when he considered the consequences of his handling of the plaintiff's case, and (2) the defendant's conduct was objectively unreasonable. *Miranda v. County of Lake,* 900 F.3d 335, 353–54 (7th Cir. 2018).[11] There is no requirement to prove that a defendant subjectively believed that his conduct created a significant risk of harm.

---

[11] The Complaint alleges that Bell was a "detainee" at the time of the events in question, ECF No. 1, ¶ 2, which the Court understands to mean that Bell had previously had a probable cause hearing and was not merely an "arrestee." *See Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013). Accordingly, his claim of inadequate medical care is assessed under the Fourteenth Amendment, not the Fourth Amendment (the Complaint refers to both). *Id.*; *Miranda,* 900 F.3d at 353–54. In *Miranda,* moreover, the Seventh Circuit resolved a longstanding question in this Circuit about whether claims by pretrial detainees of inadequate medical care are governed by the Eighth Amendment "deliberate indifference standard," holding that they are not. 900 F.3d at 352. Briefing on the instant motions to dismiss was completed before the *Miranda* decision, but neither party filed a notice of supplemental authority with the Court concerning the decision.

Officer Mineo and Dr. Khan both allegedly failed to ensure Bell was promptly provided appropriate medical care to address Bell's symptoms of a serious medical condition—a pulmonary embolism. Bell complained to Officer Mineo around 1:00 a.m., but Officer Mineo allegedly ignored Bell's complaints and did nothing to facilitate treatment for his condition. The allegation that Officer Mineo was aware that Bell, a 69 year-old detainee confined to the infirmary, was complaining of a serious breathing problem in the immediate aftermath of an episode when there had been thick smoke throughout the housing unit plausibly gives rise to an inference that Mineo's conduct in ignoring Bell's complaint was objectively unreasonable and that his inaction was premised on a purposeful, knowing, or reckless disregard of the consequences. Indeed, the allegation that Mineo did nothing to help Bell obtain treatment would be sufficient to state a claim of deliberate indifference against Officer Mineo. A "guard who is aware of complaints of pain and does nothing to help a suffering prisoner obtain treatment" exhibits deliberate indifference. *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015); *see also Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) ("[M]ost obvious" among the "several circumstances that can be enough to show deliberate indifference . . . is a prison official's decision to ignore a request for medical assistance.").

As for Dr. Khan, he learned of Bell's complaints sometime around 4:00 a.m. when the nurse "reported plaintiff's symptoms" to him. Compl. ¶ 16. It can reasonably be inferred, in light of the fact that Bell was ultimately diagnosed with and treated for a pulmonary embolism, that the symptoms reported were consistent with that condition, yet the only action that Dr. Khan took was to prescribe pain medication. Indeed, it can reasonably be inferred from the Complaint that Dr. Khan did not actually examine Bell, but simply prescribed pain medication upon receiving a report of Bell's symptoms. It is also plausible to infer, in view of the allegation that another physician

9

who did examine Bell later that day was able to correctly diagnose Bell's problem, that Dr. Khan may have been able to do so as well if he had examined Bell when the nurse reported the problem to him. These facts give rise to a plausible inference that in failing to examine Bell or take any action other than prescribing pain medication, Dr. Khan's actions were objectively unreasonable and were purposeful, knowing, or taken with reckless disregard of the consequences. Dr. Khan's alleged inaction, like Officer Mineo's, is sufficient even to support the more demanding deliberate indifference standard under the Eighth Amendment. *See, e.g.*, *Sherrod v. Lingle*, 223 F.3d 605, 611–12 (7th Cir. 2000) ("If knowing a patient faces a serious risk of appendicitis, the prison official gives the patient an aspirin and sends him back to his cell, a jury could find deliberate indifference although the prisoner was not 'simply ignored'"); *Dobbey*, 806 F.3d at 940 ("The decision of a medical professional to do nothing, even though she knows that a patient has a serious medical condition requiring prompt medical treatment that the professional is capable of and responsible for providing, amounts to deliberate indifference."). Although Bell was ultimately evacuated to the hospital around 1:30 p.m., delays in providing treatment that unnecessarily prolong pain could amount to deliberate indifference. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Perez v. Fenoglio*, 792 F.3d 768, 778 (7th Cir. 2015) ("In some cases, even brief, unexplained delays in treatment may constitute deliberate indifference."); *Lewis v. McLean*, 864 F.3d 556, 563–64 (7th Cir. 2017) (holding that jury could find deliberate indifference when defendants delayed treatment for approximately one-and-a-half hours).

The Defendants do not dispute that Bell's pulmonary embolism was objectively serious. And though it is possible, there is nothing presently in the record to suggest that Officer Mineo and Dr. Khan more likely acted out of mere mistake or negligence as opposed to having acted "purposefully, knowingly, and perhaps even recklessly" when they failed to help Bell obtain

10

adequate medical treatment. Discovery may ultimately reveal that Officer Mineo, Dr. Khan, or both acted appropriately, or only negligently; that there was no medical need to immediately evacuate Bell to the hospital; or that the prescription of pain medication amounted to adequate treatment. But the Complaint alleges otherwise with sufficient factual allegations to do so plausibly, so the Court cannot resolve these questions as a matter of law at this juncture. Bell has sufficiently pleaded that both Officer Mineo's and Dr. Khan's actions (or failures to act) were purposeful and objectively unreasonable under the circumstances. And indeed, the allegations in Bell's Complaint would be sufficient to state a claim of deliberate indifference; *a fortiori*, they are sufficient to state a claim that Officer Mineo's and Dr. Khan's conduct was objectively unreasonable.

## IV. Indemnification

Both the County and the Sheriff are also necessary parties in this case due to their statutory indemnification obligations. *See* 745 ILCS 10/9–102 ("A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee acting within the scope of his employment is liable in the manner provided in this Article."); *see also* Fed. R. Civ. P. 19(a)(1) ("A person . . . must be joined as a party if[,] in that person's absence, the court cannot accord complete relief among existing parties."). The Complaint states a claim against Officer Mineo and Dr. Khan, and there is a plausible basis to infer that Officer Mineo and Dr. Khan were acting within the scope of their employment with the Sheriff and the County, respectively. Although the County cannot be held vicariously liable for the actions of the Sheriff, *Moy v. County of Cook*, 640 N.E.2d 926, 931 (Ill. 1994), Bell's claim against the County is not premised on such a *respondeat superior* relationship with the Sheriff. The County is named as a defendant due to the alleged breach of its

own employees' duty to maintain reasonably safe premises at the Jail and as indemnifier of the Sheriff and its own employees, such as Dr. Khan. *See Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003) (A "county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer ([e.g., a] sheriff . . .) in an official capacity. Because state law requires the county to pay, federal law deems it an indispensable party to the litigation.") (internal citations omitted).

## V. Supplemental Jurisdiction

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law negligence claim against the Sheriff and Cook County because it arises from the same nucleus of operative fact as the 42 U.S.C. § 1983 claim against Officer Mineo and Dr. Khan. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (holding that court has pendant jurisdiction over non-federal claim where it arises "from a common nucleus of operative fact" as federal claim such that plaintiff "would ordinarily be expected to try them all in one judicial proceeding"). The state negligence claim arises from the entry of the smoke into Bell's housing unit, and the federal § 1983 claim arises from the alleged failure of Officer Mineo and Dr. Khan to take appropriate action in response to the signs and symptoms of a pulmonary embolism that Bell suffered from shortly after the smoke entered Bell's housing unit. Any effect that the smoke had on Bell's medical condition may be relevant to whether Officer Mineo and Dr. Khan took appropriate remedial steps, and the facts giving rise to each claim are sufficiently interdependent that Bell would be expected to try them in one proceeding. Accordingly, it is appropriate for the Court to exercise supplemental jurisdiction over the plaintiff's state law tort theories based on the May 23, 2016 smoke intrusion.

* * *

For the reasons stated above, the motions to dismiss [32] and [34] are denied.

Date: November 21, 2018

John J. Tharp, Jr.
United States District Judge